UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 OCT 31  A 10: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | DOCKET NO.: 05-10100-01 |
| ) | |
| VLADIMIR SHURLAN, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR THE EARLY TERMINATION OF SUPERVISED PROBATION AND PERMISSION TO TRAVEL OUT OF THE UNITED STATES

Defendant Vladimir Shurlan ("Defendant") moved this Honorable Court to terminate his supervised probation early and grant him permission to travel to his home country of Serbia (formerly Yugoslavia) for an extended period of time ("Defendant's Motion"). This memorandum in filed in support of Defendant's Motion.

I.  **STANDARD OF REVIEW**

The Court may terminate the term of supervised release imposed on a felony defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice." 18 U.S.C. sec. 3583 (e)(1).

The statute instructs the Court to consider the following factors in making its determination:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed - -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. sec. 3553(a).

Further, subsection 3583(e)(2) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term of conditions of supervised release. United States v. Lussier, 104 F.3d 32, 35 (2nd Cir. 1997). "Early discharge or another form of modification is appropriate to 'account for new or unforeseen circumstances' not contemplated at the initial imposition of supervised release." United States v. Rasco, No. 88CR 817 (CSH) 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000) (quoting Lussier, 104 F.3d at 36).

II.   **ARGUMENT**

   A.   **Early Termination Is Not Contrary to 18 U.S.C. sec. 3583(a).**

Early termination of the Defendant's supervised release would not be contrary to the mandates of 18 U.S.C. sec. 3583(a). The Defendant does not have any prior involvement with the criminal justice system which reflects unfavorably upon him and the Defendant has been in full compliance with the terms and conditions of his probation – including the payment of all fines, restitution, and a civil penalty. Moreover, the Defendant voluntarily resigned his medical license in the Commonwealth of Massachusetts – an act not otherwise required by the sentence imposed.

Further, with respect to 18 U.S.C. secs. 3583(a)(2)(C) and 3583(a)(2)(D), the Defendant does not have any other history which would lead this Court to believe that the public must be protected for further crimes of the Defendant or that the Defendant is in need of any additional educational or vocational training which must be overseen by further supervised probation.

Equally as important, the Defendant satisfied the requirements of 18 U.S.C. sec. 3583(a)(7), as set forth above, with the prompt payment of all fines and restitution, as well as the payment of a significant civil penalty.

   B.   **Unforeseen Circumstances Warrant Early Termination.**

As set forth in the Defendant's affidavit, the Defendant is the sole caretaker of his elderly mother. The Defendant's mother is in failing health and seeks to return to her native land to live out her remaining his with her family, including her sister who is also of failing health.

The Defendant's mother is unable to return to her native land without the aid and assistance of the Defendant.

The circumstances of the failing health of the Defendant's mother and the Defendant's mother's sister were not foreseen at the time of the sentencing. Moreover, the circumstances concerning the Defendant's mother's desire to live out her remaining years in her native land were also not foreseen.

### III. CONCLUSION

The Defendant respectfully suggests that the conduct of the Defendant and the interests of justice warrant the early termination of the Defendant's supervised release.

Accordingly, the Defendant respectfully requests this Honorable Court grant the Defendant's motion for early termination of his supervised release.

A HEARING ON THIS MATTER IS REQUESTED.

Valdimir Shurlan, Defendant,

By his attorneys,

James M. Caramanica
BBO No. 565882
Carleen & Caramanica, P.C.
92 Montvale Avenue, Suite 4170
Stoneham, MA 02180
(781) 438-4600 ext. 202

Dated: October 30, 2006

### CERTIFICATE OF SERVICE

I, James M. Caramanica, certify that on October 30, 2006, a true copy of the foregoing was served upon Lisa Paiva, United States Probation Office, William Coastguard Building, 408 Atlantic Avenue, Boston, MA 02110, and James E. Arnold, Esq., Assistant United States Attorney, U.S. Dept. of Justice, 1003 J.W. McCormack Bldg P.O. & Courthouse Boston, MA 02109, via first class mail.

James M. Caramanica